# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETER J. MUNOZ, JR.,

    Petitioner,

vs.

GREGORY SMITH, et al.,

    Respondents.

Case No. 3:11-CV-00197-LRH-(RAM)

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed his petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner needs to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.

1  28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment
2  becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th
3  Cir. 2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549,
4  2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been
5  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and
6  prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively
7  files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201
8  (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough,
9  547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

10  In the Eighth Judicial District Court of the State of Nevada, petitioner pleaded no contest to
11  attempted lewdness with a child under the age of 14. The court entered the judgment of conviction
12  on December 8, 2006.[1] Petitioner did not appeal, and the judgment of conviction became final on
13  January 8, 2007, when the time to appeal expired. See Nev. R. App. P. 4(b). One hundred thirty-
14  four (134) days later, on May 22, 2007, petitioner filed a post-conviction petition for a writ of
15  habeas corpus in the state district court. The district court denied the petition, petitioner appealed,
16  and the Nevada Supreme Court remanded for the district court to appoint counsel to represent
17  petitioner. After that, the district court again denied the petition, petitioner appealed, and the
18  Nevada Supreme Court affirmed the denial on March 11, 2010. Remittitur would have issued on or
19  around April 5, 2011. See Nev. R. App. P. 41. Three hundred forty-five (345) days later, on March
20  16, 2011, this court received the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]

21  On its face, the petition is untimely. One hundred thirty-four (134) days passed between the
22  finality of the judgment of conviction and the filing of the state habeas corpus petition. The period
23  of limitation was tolled while the state habeas corpus petition was pending in the state courts. 28

---

[1] Petitioner alleges at p. 1 of the petition that he was convicted on December 4. He attached an order of the Nevada Supreme Court, Case No. 50306, dated May 9, 2008, which stated that petitioner was convicted on December 8. This court will use the later date in its calculations.

[2] Petitioner did not state in the space provided when he gave the petition to a prison officer for mailing to the court.

U.S.C. § 2244(d)(2).  Three hundred forty-five (345) days passed between the conclusion of the state habeas corpus proceedings and the commencement of the federal habeas corpus proceedings. A total of four hundred seventy-nine (479) non-tolled days have passed since the finality of the judgment of conviction, and that time exceeds the one-year period of limitation established in 28 U.S.C. § 2244(d)(1).  Petitioner will need to show cause why the court should not dismiss this action as untimely.

IT IS THEREFORE ORDERED that the clerk of the court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely.  Failure to comply with this order will result in the dismissal of this action.

DATED this 31st day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE