**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PETER J. MUNOZ, JR.,

    Petitioner,

vs.

GREGORY SMITH, et al.,

    Respondents.

Case No. 3:11-CV-00197-LRH-(RAM)

**ORDER**

    The court ordered (#8) petitioner to show cause why this action should not be dismissed as untimely. Petitioner has filed a reply (#10). The court determines that petitioner has not shown cause why the action should not be dismissed, and the court dismisses this action.

    The court needs to correct two dates in its order (#8). At page 2, the court stated that the remittitur from petitioner's state habeas corpus appeal would have issued on April 5, 2011. The correct date is April 5, 2010. This correction does not change the court's calculations, which were based upon the correct date. Second, the court used the date that it had received the petition (#9), March 16, 2011, in its calculations because petitioner did not state when he mailed the petition to the court. Petitioner states that he mailed his petition (#9) to the court on March 9, 2011. The court will take the correct date into account, but it makes no difference. With the correct date of mailing, petitioner effectively commenced this action after four hundred seventy-two (472) non-tolled days had passed, which still exceeds the one-year period of limitation of 28 U.S.C. § 2244(d).

    Petitioner argues for equitable tolling, but none of his arguments persuade the court. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights

1  diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely
2  filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S.
3  408, 418 (2005)).
4        Petitioner first notes that the prison law library supervisor told him that he had one year from
5  the Nevada Supreme Court's issuance of the remittitur to file his petition. Bad advice and incorrect
6  calculations do not justify equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007);
7  Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002).
8        Petitioner next argues that the attorney who was appointed to represent him in his state
9  habeas corpus proceedings failed to inform him about the conclusion of those proceedings until
10 September 9, 2010. Plaintiff also argues that the attorney failed to file a habeas corpus petition in
11 this court after the conclusion of the state-court proceedings. Petitioner has no constitutional right
12 to counsel, and thus no right to effective assistance of counsel, in post-conviction proceedings.
13 Coleman v. Thompson, 501 U.S. 722, 756-57 (1991). Furthermore, the state courts appointed that
14 attorney to represent petitioner in proceedings in state court, not federal court. The attorney's
15 representation of petitioner concluded when the proceedings in state court concluded. Finally, when
16 petitioner learned on September 9, 2010 that the state habeas corpus proceedings had concluded,
17 two hundred ninety-one (291) non-tolled days had passed. Petitioner still had 74 days to file a
18 habeas corpus petition in this court, but he waited for another six months. He did not act diligently.
19       Petitioner also argues that he was in segregated confinement between June 24, 2010, and
20 November 18, 2010, while he was waiting for transfer to the Warm Springs Correctional Center.
21 After the transfer, he argues that the law library at Warm Springs was closed for some time, and
22 when it opened, he had to rely upon inmate law clerks to retrieve materials for him. None of these
23 difficulties prevented him from simply copying the grounds from his state habeas corpus petition
24 into a federal habeas corpus petition. Furthermore, petitioner had two other actions pending in the
25 court at the time, Munoz v. Skolnik, 2:09-CV-00766-PMP-(RJJ), and Munoz v. Skolnik, 2:10-CV-
26 01564-RLH-(RJJ). He was filing documents in those actions at the time he was in segregated
27 confinement and without access to the law library; therefore, those difficulties did not prevent him
28 from sending items to the court. No extraordinary circumstance existed.

1    Reasonable jurists might find the court's conclusions on equitable tolling to be debatable or
2 wrong, and the court will issue a certificate of appealability.
3    Petitioner's motions for appointment of counsel (#1, #2) are moot because the court is
4 dismissing this action.
5    IT IS THEREFORE ORDERED that petitioner's motions for appointment of counsel (#1,
6 #2) are **DENIED** as moot.
7    IT IS FURTHER ORDERED that this action is **DISMISSED** without prejudice as untimely.
8 The clerk of the court shall enter judgment accordingly.
9    IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on whether
10 the court is correct in its conclusion that equitable tolling is not warranted.
11    DATED this 22nd day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

-3-