# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETER J. MUNOZ, JR.,

    Petitioner,

vs.

GREGORY SMITH, *et al.*,

    Respondents.

Case No. 3:11-cv-00197-LRH-RAM

**ORDER**

    The court of appeals remanded for this court to hold an evidentiary hearing on whether equitable tolling is warranted. The court held the hearing on July 9, 2014. The parties have filed post-hearing briefs (#61, #62), and petitioner has filed a notice of supplemental authority (#64). The court concludes that equitable tolling is warranted. Now that petitioner is represented by counsel, the court will give him the opportunity to file an amended petition for a writ of habeas corpus.

    One hundred thirty-four (134) days of the one-year period of limitation of 28 U.S.C. § 2244(d)(1) had passed when petitioner filed a state habeas corpus petition on May 22, 2007. The petition was both timely under state law and eligible for tolling under 28 U.S.C. § 2244(d)(2). The district court denied the petition, petitioner appealed, and the Nevada Supreme Court remanded for the district court to appoint counsel to represent petitioner. The state district court appointed James Oronoz. After that, the district court again denied the petition, petitioner appealed, and the Nevada Supreme Court affirmed the denial on March 11, 2010. Remittitur issued on April 8, 2010, and the one-year period resumed the next day. The period expired at the end of November 25, 2010. This court received petitioner's federal habeas corpus petition on March 16, 2011.

The court bases its determination for equitable tolling upon the conduct of Oronoz. Petitioner testified that he contacted Oronoz's office frequently asking for updates on the status of his post-conviction appeal, among other matters, by phone and by mail. Many times, petitioner was not able to speak with a person on the phone, and his letters went unanswered. The times that petitioner was able to speak with a person, he was left with the impression that the appeal was still pending; however, those conversations occurred after the Nevada Supreme Court had decided the appeal. Petitioner was not told that the appeal was decided until September 9, 2010, more than six months after the decision. Petitioner did not receive a copy of the Nevada Supreme Court's order before November 30, 2010, after the one-year period expired. The accompanying letter from Oronoz's office stated that petitioner's case file had been returned to him, but that was not true. Petitioner did not receive a copy of his case file back from Oronoz until after January 20, 2011. Oronoz's testimony does not contradict petitioner's testimony, and he confirmed that at the time his office had no procedures for notifying petitioner about court decisions and returning the case file to him. Oronoz's conduct was sufficiently egregious and misleading to be an extraordinary circumstance. Petitioner's efforts to learn the status of his case and then his efforts to file a federal habeas corpus petition after receiving his case file were sufficiently diligent. Equitable tolling in this case is warranted.

A recent decision of the court of appeals, cited in petitioner's notice of supplemental authority (#64), reinforces the court's conclusion. <u>Gibbs v. Legrand</u>, No. 12-16859 (September 17, 2014), involved a petitioner who was trying to learn about the status of his state habeas corpus proceedings from a counsel who would not communicate. The petitioner learned about the final decision in the state habeas corpus proceedings months after the decision and after the federal period of limitation had expired without his knowledge. The court of appeals determined that equitable tolling was warranted. This court agrees with petitioner that the facts of <u>Gibbs</u> are very similar to the facts of this case.

Respondents have submitted a motion to strike (#66) petitioner's notice of supplemental authority (#64). The court will not wait for the briefing schedule to proceed. Regardless of the merits of respondents' motion, the court was aware of the decision in <u>Gibbs</u> on the day of the

decision, before petitioner filed his notice.  The court recognized at that time that the facts of Gibbs were indistinguishable from the facts of this case.  Furthermore, the court would have come to the same conclusion even if Gibbs did not exist;[1] the court cannot fault petitioner for counsel misleading petitioner about the state of his state habeas corpus petition and then being dilatory in returning the case file to petitioner.  Even if the court struck the notice, its decision on equitable tolling would be the same.

IT IS THEREFORE ORDERED that the judgment (#12) dismissing this action as untimely is **VACATED**.

IT IS FURTHER ORDERED that petitioner shall have sixty (60) days from the date of entry of this order to file an amended petition, if desired.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that respondents' motion to strike (#66) is **DENIED**.

DATED this 9th day of October, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] The court does recognize that the respondents in Gibbs v. LeGrand are seeking panel rehearing and rehearing en banc.  Nonetheless, Gibbs is controlling precedent unless and until withdrawn.