# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETER J. MUNOZ, JR.,

    Petitioner,

vs.

GREGORY SMITH, WARDEN, et al.,

    Respondents.

Case No. 3:11-cv-00197-LRH-RAM

**ORDER**

    Before the court are the first amended petition for writ of habeas corpus (ECF No. 69), respondents' motion to dismiss (ECF No. 76), petitioner's opposition (ECF No. 77), respondents' reply (ECF No. 78), petitioner's motion to strike or, in the alternative motion for leave to file a surreply (ECF No. 79), and respondents' opposition to that motion (ECF No. 80). The motion to dismiss concerns only ground 1 of the first amended petition. The court denies the motion because ground 1 is ripe for review and because it is exhausted. However, the recent decision of Nettles v. Grounds, ___ F.3d ___, 2016 WL 4072465 (9th Cir. July 26, 2016) (en banc), indicates that ground 1 is not addressable in federal habeas corpus. The parties have not had the opportunity to address Nettles. Instead of allowing petitioner to file a surreply, and then allowing respondents to file a subsequent brief, the court will deny petitioner's motion. Respondents may raise the issue of Nettles in a new motion to dismiss, if they wish.

    Petitioner pleaded guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to one count of lewdness with a child under the age of 14. Among other penalties, the trial court imposed a special sentence of lifetime supervision, required by Nev. Rev. Stat. § 176.0931. Petitioner has

been released from prison. Just before his release, the parole board set out the conditions of lifetime supervision pursuant to Nev. Rev. Stat. §§ 213.1243 and 213.290. Ex. 71 (ECF No. 72-9).

In ground 1 of the first amended petition, petitioner argues that application of those conditions violates his constitutional guarantees of due process of law, violates the constitutional protection from ex post facto laws, and impairs a contract. In the motion to dismiss, respondents argue that petitioner has not exhausted his state-court remedies for ground 1, that ground 1 is not ripe for review, and that the parts of ground 1 that invoke the Constitution of Nevada are not addressable in federal habeas corpus.

Respondents now concede that ground 1 is ripe for review because petitioner has been released from prison, and the conditions of lifetime supervision have been set.

Regarding exhaustion, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

The court will not address respondents' arguments why the claims in ground 1 are not exhausted, because it appears that no corrective process remains in the state courts. The Nevada Supreme Court has held that a person who has been released from prison and is subject to lifetime supervision is not a person under a sentence of imprisonment, which is a prerequisite for filing a post-conviction habeas corpus petition under Nev. Rev. Stat. § 34.724(1). Coleman v. State, 321 P.3d 863, 866-67 (Nev. 2014). The Nevada Supreme Court noted that the State acknowledged that a person who wants to challenge the conditions of lifetime supervision can pursue injunctive relief under Nev. Rev. Stat. § 33.010. The Nevada Supreme Court also noted that a person can challenge the validity of the conditions of lifetime supervision as a defense to a prosecution for violation of those conditions under Nev. Rev. Stat. § 213.1243(8), that a person can seek release from lifetime supervision under Nev. Rev. Stat. § 176.0931(3), and that a person can challenge the constitutionality of the conditions in a civil rights action pursuant to 42 U.S.C. § 1983. 321 P.3d at 867.

///

The state-law remedies that the Nevada Supreme Court lists do not persuade this court that state-court remedies are available. Petitioner cannot challenge the conditions of lifetime supervision as a defense to a charge of violating those conditions under Nev. Rev. Stat. § 213.1243(8) because petitioner is not being prosecuted for violating those conditions. Furthermore, the court will not require that petitioner intentionally commit another crime to exhaust his available state-court remedies. Petitioner cannot petition for release from lifetime supervision under Nev. Rev. Stat. § 176.0931(3) because not enough time has passed since his release from prison. Seeking injunctive relief under Nev. Rev. Stat. § 33.010 is a possibility, but unless the Nevada Supreme Court holds that such a process actually exists, instead of repeating a statement by the State with which it might disagree later, this court is not willing to assume that petitioner could obtain relief by seeking an injunction.

The Nevada Supreme Court's statement that a person could file a civil rights action under 42 U.S.C. § 1983 raises the question whether habeas corpus relief actually is available for a challenge to the conditions of lifetime supervision. The parties have brought this issue to the court indirectly. As noted above, respondents initially argued that part of ground 1 is not addressable in federal habeas corpus because it claims that the Nevada Constitution was violated. Motion, at 6 (ECF No. 76). Petitioner, in arguing that the Nevada Supreme Court's decision in Coleman showed that no remedies were available in state court to challenge the conditions of lifetime supervision, noted that this court had agreed with that proposition in Ingebretsen v. Palmer, 2015 WL 5245133, at *2 (D. Nev. Sep. 9, 2015). Opposition, at 4-5 (ECF No. 77). However, Ingebretsen did not stop with the decision that the challenge to the conditions of lifetime supervision was technically exhausted. Ingebretsen also determined that a challenge to the conditions of lifetime supervision was not addressable in federal habeas corpus because success would not relieve Ingebretsen from the sentence of lifetime supervision, but only some of the conditions. 2015 WL 5245133, at *3-4. Petitioner did not acknowledge that holding of Ingebretsen. Respondents, however, did. Respondents now argue in the reply that ground 1 in its entirety is not addressable in federal habeas corpus because success on the merits would not terminate petitioner's sentence of lifetime supervision. Reply, at 6 (ECF No. 78). Petitioner then moved to strike the reply or for leave to file

1  a surreply because respondents raised a new argument in the reply. Motion to strike, at 3 (ECF No.
2  79). Respondents countered that they simply relied on the same authority, Ingebretsen, that
3  petitioner cited. Opposition to motion to strike, at 2 (ECF No. 80).
4      After the briefing concluded, the court of appeals decided Nettles v. Grounds, ___ F.3d ___,
5  2016 WL 4072465 (9th Cir. July 26, 2016) (en banc). Nettles was in prison on a determinate term
6  of twelve years and a life term with the possibility of parole. He sought expungement of a prison
7  disciplinary violation and restoration of credits toward an earlier release. That, Nettles argued,
8  would lead to an earlier parole hearing. The court of appeals held, "if a state prisoner's claim does
9  not lie at 'the core of habeas corpus,' . . . it may not be brought in habeas corpus but must be
10 brought, 'if at all,' under [42 U.S.C.] § 1983." Id., 2016 WL 4072465, at *6 (quoting Preiser v.
11 Rodriguez, 411 U.S. 475, 487 (1973), and Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). The
12 "core of habeas corpus" is relief that terminates custody, accelerates the future date of release from
13 custody, or reduces the level of custody, such as from incarceration to parole. Nettles, 2016 WL
14 4072465, at *6 (quoting Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)).In
15 Nettles' case, success would not have necessarily led to immediate or earlier release from
16 confinement, because even if the disciplinary violation was expunged, the parole board still could
17 deny parole.
18     Nettles at least strongly indicates that habeas corpus relief is unavailable for petitioner.
19 Petitioner is challenging the constitutional validity of particular conditions of lifetime supervision,
20 and he is challenging the constitutional validity of the statutes that direct the parole board to set the
21 conditions, Nev. Rev. Stat. §§ 213.1243 and 213.290. He is not challenging the constitutional
22 validity of the statute that requires a special sentence of lifetime supervision for sexual offenders,
23 Nev. Rev. Stat. § 176.0931. It appears that if the court were to grant relief to petitioner on ground 1,
24 it would only relieve him from complying with certain conditions of lifetime supervision, but it
25 would not terminate the lifetime supervision itself. That relief would be outside the core of habeas
26 ///
27 ///
28 ///

corpus, and petitioner would need to seek the relief through a civil rights action pursuant to 42 U.S.C. § 1983.[1]

The court wants further briefing on whether ground 1 is addressable in federal habeas corpus. The court will deny the current motion to dismiss and petitioner's motion to strike. The court will depart from its usual practice and allow respondents to file another motion to dismiss to fully brief the issue that Nettles presents.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 76) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion to strike or, in the alternative motion for leave to file a surreply (ECF No. 79) is **DENIED**.

IT IS THEREFORE ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to answer or otherwise respond to the first amended petition (ECF No. 69). If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED this 27th day of September, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] People currently are challenging the constitutional validity of Nev. Rev. Stat. § 213.1243 in a civil rights action pursuant to 42 U.S.C. § 1983, Does 1-16 v. Laxalt, Case No. 2:15-cv-01638-RFB-CWH.