# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETER J. MUNOZ, JR.,

    Petitioner,

vs.

GREGORY SMITH, WARDEN, et al.,

    Respondents.

Case No. 3:11-cv-00197-LRH-RAM

**ORDER**

    Before the court are the first amended petition for writ of habeas corpus (ECF No. 69), respondents' second motion to dismiss (ECF No. 82), petitioner's opposition (ECF No. 83), and respondents' reply (ECF No. 84). For the reasons stated below, the court grants the motion to dismiss in part, and petitioner will need to file a second amended petition.

    When the court denied respondents' first motion to dismiss (ECF No. 76), the court noted that it might not be able to grant any habeas corpus relief on ground 1, because petitioner was challenging the validity of his conditions of lifetime supervision but not the validity of lifetime supervision itself. Petitioner would not be relieved of his current level of custody, and thus his claims appeared to be outside the core of habeas corpus. ECF No. 81, at 3-5 (citing Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), cert. denied 137 S. Ct. 645 (2017)). Nettles was decided after the briefing on the first motion to dismiss had completed, and the court gave respondents leave to file another motion to dismiss that addressed Nettles. ECF No. 81, at 5.

    In the second motion to dismiss, respondents argue that Nettles bars consideration of ground 1. Petitioner admits that some of ground 1 are challenges to the conditions of lifetime supervision,

1 | which are not addressable in federal habeas corpus, but that other parts of ground 1 challenge the
2 | validity of lifetime supervision itself.  Respondents then note that the problem with ground 1 is that
3 | it is a vague collection of different claims of constitutional violations.  The court agrees.  For
4 | example, petitioner claims that Nevada's laws regarding lifetime supervision are unconstitutional to
5 | the extent that they seek to implement provisions of the Adam Walsh federal legislation, without
6 | any explanation of what those provisions are and how they are applied to petitioner.  ECF No. 69, at
7 | 11. Petitioner should file an amended petition that abandons the claims for relief that are not
8 | available under federal habeas corpus and that enumerates each claim for relief that does remain.

IT IS THEREFORE ORDERED that respondents' second motion to dismiss (ECF No. 82) is **GRANTED** in part.  Petitioner shall have thirty (30) days from the date of entry of this order to file a second amended petition that enumerates all the claims currently in ground 1 of the first amended petition that are addressable in federal habeas corpus.

DATED this 27th day of September, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE